UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                 Plaintiff,

v.                                          **DECISION AND ORDER**
                                                 01-CV-658S

E.I. du PONT de NEMOURS AND
COMPANY, INC.,

                 Defendant.

      1.      Defendant moves pursuant to Rule 62(d) of the Federal Rules of Civil Procedure for an order staying the enforcement of this Court's judgment in the above-captioned case. Specifically, Defendant requests that this Court stay enforcement of the judgment pending appeal and waive the requirement that it file a supersedeas bond. For the following reasons, Defendant's motion is granted in its entirety.

      2.      The following facts are undisputed for purposes of the instant motion. On September 17, 2001, Plaintiff commenced an action against Defendant by filing a Complaint in the United States District Court for the Western District of New York. Pursuant to Section 107(a) of the Comprehensive Environmental Response, Compensation, and Liability Act ("CERCLA"), Plaintiff sought to recover costs incurred in connection with the investigation and remediation of Necco Park, a hazardous waste site owned by Defendant. Id. A non-jury trial was held before this Court on April 26, 2004, and April 27, 2004. On August 31, 2004, this Court directed the Clerk of the Court to enter a judgment in favor of Plaintiff in the amount of $1,808,578.42, plus prejudgment interest and

costs[1] for past response expenses incurred in connection with the Necco Park Site. This Court further ordered Defendant to reimburse Plaintiff for the costs of all future response actions taken with respect to the Necco Park Site. (Docket No. 111).

Defendant filed a timely Notice of Appeal with the District Court Clerk (Docket No. 112), and now moves this Court for a stay of the judgment pending appeal, without the requirement that it provide a supersedeas bond (Docket No. 113).

3.     Rule 62(d) of the Federal Rules of Civil Procedure allows an appellant to obtain a stay of the execution of a judgment pending appeal by giving a supersedeas bond. See FED. R. CIV. P. 62(d). "It is commonly understood that the purpose of a supersedeas bond is to preserve the status quo while protecting the non-appealing party's rights pending appeal." Cayuga Indian Nation of New York v. Pataki, 188 F. Supp. 2d 223, 254 (N.D.N.Y. 2002) (internal quotation marks and citations omitted). The requirement of posting a supersedeas bond "serves three purposes[,] . . . it allows an appellant to pursue an appeal without first satisfying the judgment, it protects an appellee's rights and ability to collect the judgment and it guarantees an appellee the costs of delay incident to the appeal." Brabson v. Friendship House of Western New York, Inc., No. 94-CV-0834, 2000 WL 1335745, at *1 (W.D.N.Y. Sept. 6, 2000) (internal citations omitted).

In spite of the general requirement that a judgment debtor post a supersedeas bond, a district court may, in its discretion, grant a stay without requiring the moving party to post a supersedeas bond. See Dillon v. City of Chicago, 866 F.2d 902, 904-05 (7th Cir. 1988); Fed. Prescription Serv. Inc. v. Am. Pharm. Ass'n, 636 F.2d 755, 757-58 (D.C. Cir. 1980);

---

[1] The amount of costs have yet to be determined.

Poplar Grove Planting & Refining Co. v. Bache Halsey Stuart, Inc., 600 F.2d 1189, 1191 (5th Cir. 1979); Trans World Airlines, Inc., v. Hughes, 515 F.2d 173, 176 (2d Cir. 1975). Ultimately, "[t]he burden is on the moving party to 'objectively demonstrate' the reasons why the court should 'depart from the usual requirement of a full security supersedeas bond to suspend the operation of an unconditional money judgment.'" Port Chester Elec. Constr. Corp. v. HBE Corp., No. 86 Civ. 4617, 1991 WL 258737, at *2 (S.D.N.Y.1991) (citing Poplar Grove, 600 F.2d at 1189).

A district court, in its discretion, may use equitable principles to grant a stay without a full bond, if the filing of a supersedeas bond would irreparably harm the judgment debtor and, at the same time, such a stay would not unduly endanger the judgment creditor's interest in ultimate recovery. See Cayuga Indian Nation, 188 F. Supp. 2d at 254 (citing Port Chester Elec. Constr. Corp., 1991 WL 258737, at *1). Other factors germane to the determination of whether to waive the posting of a bond include: "the degree of confidence that the district court has in the availability of funds to pay the judgment[;]" whether the "defendants' ability to pay the judgment is so plain that the cost of a bond would be a waste of money[;]" and whether the defendant is in "such a precarious financial situation that the requirement to post a bond would place other creditors of the defendants in an insecure position." Cayuga Indian Nation of New York, 188 F. Supp. 2d at 254-55 (quoting Dillon, 866 F.2d at 904 (internal quotation marks and citations omitted)). "Although courts sometimes waive the full supersedeas requirement, they often require alternative security considerably in excess of the judgment." Port Chester Elec. Constr. Corp., 1991 WL 258737, at *4-5.

3

4.	In this case, Plaintiff does not oppose a stay of enforcement of the judgment. Plaintiff does, however, object to the waiver of the bond requirement. In opposition to a waiver, Plaintiff argues that Defendant has failed to objectively demonstrate that waiver of the bond is appropriate under the four-factor approach articulated in Gaus v. Conair Corp., No. 94 Civ. 5693, 2003 WL 542652 (S.D.N.Y. Feb. 14, 2003), and Morgan Guar. Trust Co. v. Republic of Palau, 702 F. Supp. 60 (S.D.N.Y. 1988).[2] However, this four-factor analysis is employed by courts to decide whether to order a stay of judgment pending appeal in the first instance, not to decide whether to waive the supersedeas bond requirement. Morgan Guar. Trust Co., 702 F. Supp. at 65; Gaus, 2003 WL 542652, at *1; see also McSurely v. McClellan, 697 F.2d 309, 317 (D.C. Cir. 1982) (citing Virginia Petroleum Jobbers Ass'n v. FPC, 259 F.2d 921, 925 (D.C. Cir. 1958)).

Courts are often faced with both the issue of whether to grant a stay of judgment *and* the issue of whether to waive the supersedeas bond requirement. While these two issues are closely related and often analyzed together, each issue requires separate analysis and the consideration of different factors. See Cayuga Indian Nation of New York, 188 F. Supp. 2d at 251-55 (explaining that stay and bond waiver issues are separate questions); see also Endress & Hauser, Inc. v. Hawk Measurement Sys. Pty. Ltd., 932 F. Supp. 1147, 1148 (S.D. Ind. 1996) ("Initially, we must decide whether [Defendant] is entitled to a stay pending appeal. If we find that a stay is appropriate, we must then decide whether to waive the supersedeas bond requirement and allow some form of alternate

---

[2] Under this four-factor analysis, a court must consider: (1) whether the petitioner is likely to prevail on the merits of his appeal; (2) whether, without a stay, the petitioner will be irreparably injured; (3) whether issuance of a stay will substantially harm other parties interested; and (4) wherein lies the public interest. See Gaus, 2003 WL 542652, at *1; Morgan Guar. Trust Co., 702 F. Supp. at 65.

security. . . ."); John Hancock Mut. Life Ins. Co. v. Amerford Int'l Corp., No. 91 Civ. 8635, 1993 WL 515376, at *1 (S.D.N.Y. 1993) ("Prior to deciding whether the equities of this case require the posting of a partial supersedeas bond (or no bond at all), it is necessary first to consider whether the Court should order a stay at all.").

Because Plaintiff does not object to this Court ordering a stay of enforcement, the only issue for this Court to determine is whether to dispense with the general requirement that a supersedeas bond be posted before granting Defendant's request for a stay. Accordingly, this Court will analyze Defendant's Motion to waive the supersedeas bond requirement using the equitable principles previously set forth herein.

5. Here, Defendant asserts that its ability to pay the judgment is so plain that the cost of a bond would be a waste of money and, therefore, there is no danger to Plaintiff's interest in ultimate recovery. Defendant has presented documentation demonstrating that its current tangible net worth, *i.e*, its tangible assets less its liabilities, is $4.856 billion, or approximately 2,428 times the amount of the judgment. Further, Defendant contends that a bond in the sum of $2 million would cost between $3,000 to $8,000 in initial costs, and at least that amount to maintain the bond for each successive 12-month period. According to Defendant, it has already spent in excess of $40 million on this environmental remediation project since 1978, and it expects to spend an additional $65 million at the Necco Park Site.

Defendant's situation is analogous to the judgment debtors in the case of Port Chester Elec. Constr. Corp., in which both defendants moved the district court for a stay pending appeal of the $1,226,586.30 judgment against them and for waiver of the bond

requirement.  <u>Port Chester Elec. Constr. Corp.</u>, 1991 WL 258737, at *8.  In that case, Defendant HBE had assets in excess of $47 million and had a payment bond in the amount of $10,262,470,[3] and defendant FFIC had total capital, surplus, and reserves that exceeded $6 billion.  <u>Id.</u> at *9.  Neither Defendant could demonstrate that requiring a full supersedeas bond would cause them irreparable harm.[4]  Nevertheless, the district court determined that Defendants had sufficient assets to pay the full judgment if it was affirmed on appeal.  Accordingly, the court granted a stay without requiring that Defendants post a supersedeas bond.  <u>Id.</u>  However, "in order to adequately protect the possibility of a drastic change in Defendants' financial health pending appeal," the Court further ordered that if either of the defendants' combined net worth or the value of defendant HBE's payment bond dropped below three times the amount of the judgment, Defendants were required to post a supersedeas bond in the full amount of the judgment within seven days.  <u>Id.</u>

In the instant case, Defendant does not contend that it will be irreparably harmed if required to post a bond to secure the judgment.  Nonetheless, Defendant has demonstrated that it has sufficient assets to pay the judgment if it is affirmed on appeal.  As previously noted herein, Defendant's net worth is in the multi-billion dollar range, while

---

[3]  Defendant HBE was required to obtain "payment bonds" for every construction project that it undertook.  HBE argued that this bond could be used to secure the plaintiff's judgment.  Although plaintiff objected on the grounds that the bond was not supersedeas, because portions of it could be paid out to other creditors, the court considered its existence and potential use for securing Plaintiff's judgment.

[4]  "Irreparable harm" is "usually established upon a showing that the judgment debtor will become insolvent if required to post a full supersedeas bond."  <u>Port Chester Elec. Constr. Corp.</u>, 1991 WL 258737, at *6. (citations omitted).

6

the judgment against it is approximately two million dollars.

In light of Defendant's apparent ability to satisfy the judgment, this Court finds that requiring Defendant to post a supersedeas bond, while not a great expense, would be a needless waste of money. At the same time, because the waiver of the supersedeas bond is predicated solely on Defendant's financial health, Defendant must provide alternative security in order to adequately protect the possibility of a drastic change in their financial situation pending appeal. Specifically, if Defendant's net worth falls below $10,000,000.00 or approximately five times the amount of the judgment, Defendant shall post a supersedeas bond in the full amount of the judgment within seven days.

IT HEREBY IS ORDERED that Defendant's Motion for a Stay of Enforcement of Judgment (Docket No. 113) is GRANTED in its entirety.

FURTHER, the enforcement of Plaintiff's judgment shall be stayed pending Defendant's appeal without a supersedeas bond, subject to the conditions set forth in the foregoing decision.


    SO ORDERED.

Dated:    April 28, 2005
           Buffalo, New York

                                                  /s/William M. Skretny
                                                  WILLIAM M. SKRETNY
                                                  United States District Judge